**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA STACKHOUSE, | ) Case No. CV 09-6096 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**I.**

**INTRODUCTION AND SUMMARY**

On August 20, 2009, plaintiff Virginia Stackhouse ("Plaintiff") filed a complaint against defendant Michael J. Astrue, the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), seeking review of the denial of disability insurance benefits. [Docket No. 1.]

On March 12, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 8, 9.]

On April 14, 2010, this matter was transferred to the calendar of the undersigned Magistrate Judge. [Docket No. 10.] Both Plaintiff and Defendant

1  subsequently consented to proceed for all purposes before the Magistrate Judge
2  pursuant to 28 U.S.C. § 636(c). [Docket Nos. 11, 15.]
3      On May 24, 2010, the parties submitted a detailed, 53-page joint stipulation
4  for the resolution of issues presented in this case. [Docket No. 17.] The Court
5  deems the matter suitable for adjudication without oral argument.
6      In sum, having studied, *inter alia*, the parties' joint stipulation and the
7  administrative record, the Court concludes that the Administrative Law Judge
8  ("ALJ") conspicuously erred in failing to provide a meaningful explanation in
9  discounting the statements of a lay witness. The ALJ's parsimonious conclusion
10 that "greater weight" was simply afforded to the "documented medical evidence"
11 cannot be reconciled with Ninth Circuit precedent demanding that the ALJ supply
12 "germane reasons." Accordingly, the Court remands this matter to the
13 Commissioner in accordance with the principles and instructions enunciated in this
14 Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

17     Plaintiff, who was 50 years of age on the date of her administrative hearing,
18 has an eighth grade education. (Administrative Record ("AR") at 37, 56, 123.) Her
19 past relevant work includes employment as a rehabilitation supervisor, assembly
20 worker, babysitter, housekeeper, and merchandise deliverer. (*Id.* at 26.)
21     On March 16, 2006, over four years ago, Plaintiff filed for disability insurance
22 benefits ("DIB"), alleging that she has been disabled since January 22, 2005 due to
23 depression and anxiety. (*See* AR at 123-25, 143.) Plaintiff's application was denied
24 initially and on reconsideration. (*Id.* at 67-71, 75-79.)
25     On February 25, 2009, Plaintiff, represented by counsel, appeared and
26 testified at a hearing before an ALJ. (AR at 37, 39-57.) The ALJ also heard
27 testimony from Sharon Spabenta, a vocational expert ("VE"). (*Id.* at 57-63.)
28     On March 11, 2009, the ALJ denied Plaintiff's request for benefits. (AR at

21-28.) Applying the five-step sequential evaluation process – which is discussed below – the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. (*Id.* at 23.) At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of major depressive disorder, not otherwise specified, and anxiety. (*Id.*)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairment, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] (AR at 23.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that she can perform "a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple repetitive tasks not requiring more than occasional interaction with the general public; and, no stress/fast paced production standard." (AR at 24 (emphasis omitted).)

Based on Plaintiff's RFC, the ALJ found, at step four, that Plaintiff lacks the ability to perform her past relevant work. (AR at 26.)

At step five, based on Plaintiff's vocational factors and the VE's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including "grader/sorter" and "laundry worker." (AR at 27 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 21, 27.)

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 7.) The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **APPLICABLE LEGAL STANDARDS**

### A.  Five-Step Inquiry to Ascertain a Cognizable Disability

A claimant must satisfy three fundamental elements to be eligible for disability benefits: (1) a medically-determinable impairment; (2) the impairment prevents the claimant from engaging in substantial gainful activity; and (3) the impairment is expected to result in death or to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). A well-established five-step sequential inquiry is utilized to assess whether a particular claimant satisfies these three elements. The inquiry proceeds as follows:

First, is the claimant engaging in substantial gainful activity? If so, the claimant cannot be considered disabled.

Second, does the claimant suffer from a "severe" impairment, *to wit*, one continuously lasting at least 12 months? If not, the claimant is not disabled.

Third, does the claimant's impairment or combination of impairments meet or equal an impairment specifically identified as a disability by the Commissioner under 20 C.F.R. part 404, subpart P, appendix 1? If so, the claimant is automatically determined to be disabled.

Fourth, is the claimant capable of performing his past work? If so, the claimant is not disabled.

Fifth, does the claimant have the so-called "residual functional capacity" to perform some other type of work? The critical question posed here is whether the claimant can, in light of the impairment and his or her age, education and work experience, adjust to another form of gainful employment?

If a claimant is found "disabled" or "not disabled" along any of these steps, there is no need to complete the remaining inquiry. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Tackett*, 180 F.3d at 1098-99.

B. <u>Standard of Review on Appeal</u>

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## **ISSUES PRESENTED**

Five disputed issues are presented for decision here:

1. whether the ALJ's finding on Plaintiff's RFC is supported by substantial evidence and whether the hypothetical question presented to the VE was incomplete, (*see* Joint Stip. at 4-15, 20-22);

2. whether the ALJ erred in her step three analysis, (*id.* at 22-24, 26-27);

3. whether the ALJ failed to fully and properly develop the record, (*id.* at 27-29, 32-34);

4. whether the ALJ improperly rejected the opinions of Plaintiff's treating physicians, (*id.* at 34-37, 40-41); and

5. whether the ALJ improperly discredited Plaintiff's credibility and improperly discounted the lay witness's statements. (*Id.* at 42-46, 50-52.)

Under the circumstances here, the Court finds the issue of the ALJ's assessment of Plaintiff's lay witness's statements to be dispositive of this matter, and declines to substantively address the remaining issues.

## V.
## **DISCUSSION AND ANALYSIS**

Plaintiff contends that the ALJ failed to properly assess the lay witness statements of Plaintiff's friend Michelle Clisby ("Ms. Clisby"). (Joint Stip. at 45-46.) Plaintiff argues that the ALJ failed "to provide a sufficient credibility analysis of Ms. Clisby's written statement" and "did not have proper germane bases for rejecting this evidence[.]" (*Id.* at 46.) Plaintiff also maintains that the ALJ inappropriately rejected Ms. Clisby's statements on the basis that "her testimony is not supported by the medical evidence in the record." (*Id.* at 52.)

On the other hand, Defendant argues that the ALJ "did not give great weight to Ms. Clisby's statements because they were inconsistent with the medical evidence[.]" (Joint Stip. at 50.)

6

A. <u>ALJ Must Provide Reasons Germane to Lay Witness to Discount Such Testimony</u>

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses and citation omitted) (italics in original); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1513(d)(4) (explaining that Commissioner will consider evidence from "non-medical sources[,]" including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy[,]" in determining how a claimant's impairments affect his or her ability to work) & 416.913(d)(4) (same).

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Finally, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

B. <u>Third Party Report</u>

Here, on May 25, 2006, Ms. Clisby completed a Third Party Function Report on behalf of Plaintiff. (AR at 152-59.) Ms. Clisby reported that Plaintiff cannot "get to sleep until 4 or 5 a.m." (*Id.* at 152.) She also stated that Plaintiff cries or "is tearful with a flat affect 70% of her waking hours" and "takes 3 times the amou[n]t of time to do her normal chores." (*Id.*)

1	Ms. Clisby further explained that, in the past, Plaintiff "could multi task" and
2	"was always well groomed." (AR at 153.) However, she reported that currently
3	Plaintiff "has to be reminded to change clothing" and is "not as well groomed." (*Id.*)
4	
5	Ms. Clisby described that Plaintiff is able to perform and complete tasks "if
6	someone stays with her, distrac[t]s her and keeps encouraging her." (*See* AR at
7	154.) However, Ms. Clisby explained that "[a]t times the chore is too much for her
8	to hand[le.]" (*Id.* at 155.) Ms. Clisby also stated that completing some tasks takes
9	"at least 2 to 3 times longer than usual." (*Id.* at 154.)
10	Ms. Clisby indicated that Plaintiff "needs prompting" when following written
11	instructions and follows spoken instructions "not well at all." (AR at 157.)
12	Moreover, Ms. Clisby reported that Plaintiff is "fearful" of changes in routine. (*Id.*
13	at 158.)
14	      C.    The ALJ's Analysis of the Third Party Report
15	With respect to Ms. Clisby's Third Party Report and the statements therein,
16	the ALJ furnished a six-sentence summary and, then, a *one-sentence* conclusion, as
17	as follows:
18	      In May 2006, Michelle Clisby, [Plaintiff's] friend, reported that
19	      [Plaintiff] is crying or is tearful with a flat affect about 70% of
20	      her waking hours. She used to keep her home spotless and cook
21	      the family meals, but is no longer able to do so. She goes outside
22	      short periods of time each day. [Plaintiff] is able to drive and
23	      ride in a car. She used to have many hobbies, but she no longer
24	      shows interest. [Plaintiff] is limited in ability to remember,
25	      complete tasks, concentrate, understand, follow instructions, and
26	      get along with others. The undersigned gives greater weight to
27	      the documented medical evidence of record.
28	(AR at 24-25 (citation omitted).)

1         D.     <u>The ALJ Failed to Provide Reasons Germane to Lay Witness for</u>
2                <u>Discounting Her Statements</u>

3         While the ALJ summarized Ms. Clisby's lay witness statements, she failed to give specific, germane reasons for discounting Ms. Clisby's Third Party Report. This is insufficient. Two reasons govern this dispositive determination.

        First, the ALJ's discounting of Ms. Clisby's statements based on the ALJ's assignment of "greater weight to the documented evidence of record[]" fails to provide the Court any insight as to the ALJ's reasons for rejecting her lay witness statements. The Court declines to guess as to the ALJ's reasoning. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 n. 2 (9th Cir. 2000) ("[W]ith no reference to the record in this part of the decision, we are left to guess what testimony the ALJ was considering and why he thought it undermined [plaintiff]'s credibility.").

        Second, apart from giving "greater weight to the documented medical evidence of record[,]" the ALJ gave no other valid reason for discounting Ms. Clisby's credibility. *See*, *e.g.*, *Acevedo ex rel. A.A. v. Astrue*, 2010 WL 1994661, at *5 (C.D. Cal. 2010) (remand appropriate where ALJ fails to provide a legitimate reason germane to lay witness for discounting her credibility).

        Given Ms. Clisby's statements regarding Plaintiff's ability to complete tasks, among other impairments, the Court cannot *confidently* conclude that no reasonable ALJ could have reached a different disability determination if the lay witness statements had been *fully* credited. *Stout*, 454 F.3d at 1056.

        Now, Defendant contends that the "ALJ did not give great weight to Ms. Clisby's statements because they were *inconsistent* with the medical evidence, including [the examining opinion of psychologist Paul R. Martin, Ph.D. ("Dr. Martin")]." (*See* Joint Stip. at 50 (emphasis added); *see also* AR at 310-14.) While this may have been a germane reason (assuming there was substantial evidence to support the reason) for the ALJ to disregard Ms. Clisby's statements, the ALJ did not rely on this reason and Defendant's explanation, generated in hindsight, cannot

9

1  cure this infirmity.  (*See generally* AR at 21-28.)

2  The ALJ simply and only said she afforded "greater weight to the documented
3  medical evidence of record."  (AR at 25.)  The Court does not find the ALJ's
4  assignment of greater weight to the medical evidence as necessarily equivalent to
5  rejecting Ms. Clisby's statements because of  "inconsistency" with the medical
6  evidence.

7  This conclusion is underscored by the fact that, contrary to Defendant's
8  blanket assertion, portions of Ms. Clisby's statements, in fact, comport with Dr.
9  Martin's opinion.  (*Compare* AR at 152-59 *with id.* at 310-14.)  For example, Dr.
10 Martin found Plaintiff to be a "reliable historian" and indicated her reports that "she
11 cries all the time" and "has loss of function in basic activities of daily living."  (*Id.* at
12 310-11.)  Dr. Martin also noted that Plaintiff "is experiencing disruption in both
13 social and occupation functioning due to her psychiatric symptoms."  (*Id.* at 313.)

14 In any event, the Court's review is limited to the reasons actually provided by
15 the ALJ in her decision and, in the end, the ALJ did not provide germane reasons.
16 *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons
17 provided by the ALJ in the disability determination and may not affirm the ALJ on a
18 ground upon which he did not rely."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th
19 Cir. 2003) ("We are constrained to review the reasons the ALJ asserts[ and i]t was
20 error for the district court to affirm the ALJ's . . . decision based on evidence that the
21 ALJ did not discuss.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## VI.
## **REMAND IS APPROPRIATE**

24 This Court has discretion to remand or reverse and award benefits.  *McAllister*
25 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989).  Where no
26 useful purpose would be served by further proceedings, or where the record has been
27 fully developed, it is appropriate to exercise this discretion to direct an immediate
28 award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);

*Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ erred in failing to properly address the lay witness statements offered by Plaintiff's friend.[3] On remand, the ALJ shall consider Ms. Clisby's Third Party Report and, if she decides to reject any or all of her statements, she must provide reason(s) that are germane to Ms. Clisby. In addition, the ALJ shall reassess the medical opinions in the record, such as the opinions of Plaintiff's treating psychiatrists, and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: October 5, 2010

                                                        Hon. Jay C. Gandhi
                                                  United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contentions. (*See* Joint Stip. at 4-15, 20-22, 22-24, 26-27, 27-29, 32-34, 34-37, 40-41, 43-45, 50-51.)